UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| ROBERT O. DINKINS, | ) |
| Movant, | ) ) ) |
| v. | ) No. 4:20-CV-133 AGF |
| UNITED STATES OF AMERICA, | ) ) ) |
| Respondent. | ) ) |

## **MEMORANDUM AND ORDER**

Before the Court is movant's post-dismissal motion for injunctive relief seeking compassionate release due to the Covid 19 pandemic. Movant also seeks permission to relocate to South Beach, Florida. Movant's motion will be denied.

On July 8, 2015, a one-count indictment charged movant with felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1) and 924(e)(1). *United States v. Dinkins*, Case No. 4:15-CR-314 ERW (E.D. Mo.).[1] Movant waived his right to a jury trial and requested a bench trial. At trial, the Court found movant guilty and subsequently sentenced him as an Armed Career Criminal to 180 months of imprisonment. With the assistance of counsel, movant filed a timely appeal to the Eighth Circuit Court of Appeals. In his appeal, movant argued that the District Court erred in finding him guilty of being a felon in possession of a firearm because he was legally justified in possessing the firearm to protect himself and the community from imminent danger.

On May 26, 2017, the Eighth Circuit Court of Appeals affirmed the judgment of the District Court. *United States v. Dinkins*, 688 F. App'x 408 (8th Cir. 2017).

---

[1] The Honorable Carol E. Jackson tried movant's criminal case. She has since retired. On February 7, 2020, movant's criminal case was transferred to the undersigned judge.

Movant sought to overturn his conviction on six separate occasions. *See Dinkins v. United States,* 4:17-CV-2296 CAS (E.D.Mo.); *Dinkins v. United States,* 4:19-CV-1688 CAS (E.D.Mo); *Dinkins v. United States*, 4:19-CV-1839 CAS (E.D. Mo.); *Dinkins v. United States,* 4:19-CV-1920 CAS (E.D.Mo); *Dinkins v. United States,* 4:19-CV-2903 ERW (E.D.Mo); *Dinkins v. United States,* 4:20-CV-133 AGF (E.D.Mo). His requests have been denied each time.

As for the instant motion, movant has not provided any grounds for compassionate release and relocation other than his assertion that he has unspecified medical conditions that could increase his ability to catch Covid 19.

The only authority for modifying defendant's sentence because of his physical and mental condition is under the compassionate release provisions of the First Step Act, 18 U.S.C. § 3582(c). In order to bring such a motion, movant must file request release from the Bureau of Prisons, and he may only file a request for compassionate release with the District Court thirty (30) days after filing his request with the BOP.

There is no indication in movant's motion that he is suffering from a physical or mental condition that requires compassionate release. Moreover, it does not appear that movant has applied for such release from the Bureau of Prisons prior to filing his motion for release in this Court. As such, movant's motion for compassionate release will be denied.

Accordingly,

**IT IS HEREBY ORDERED** that movant's motion for compassionate release **[Doc. #12] is DENIED.**

**IT IS FURTHER ORDERED** that no certificate of appealability shall be granted.

Dated this 2nd day of June, 2020.

                                                AUDREY G. FLEISSIG
                                                UNITED STATES DISTRICT JUDGE